# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

United States of America,

v.

Zaccheus Obie (1),

Defendant.

_____/

Case No. 1:18-cr-00424

Michael L. Brown
United States District Judge

## OPINION & ORDER

Defendant Zaccheus Obie moved to suppress the search and seizure of information from his cellular telephone (Dkts. 94; 103), to dismiss the indictment (Dkt. 98), and for a bill of particulars (Dkt. 99). Magistrate Judge Larkins denied the motion for bill of particulars and recommended denial of the motions to suppress and dismiss indictment. (Dkt. 111.) Defendant Obie objected to the recommendation to deny his motions to suppress and dismiss indictment. (Dkt. 113.) The Court accepts the Magistrate Judge's recommendations and affirms the denial of these motions.

I.  **Background**

On May 31, 2017, a young woman (identified as A.P.) told law enforcement officers that a man known to her as Swayzi (later identified as Quintavious Obie) had forced her into prostitution. (Dkt. 107 at 11.) She explained Swayzi had just sold her to another man she knew as Z. (*Id.*) She showed officers texts she had received from Z that day (including while she was with police). (*Id.* at 12.) The texts corroborated her claim that Z was overseeing her prostitution — that is, acting as her pimp. (*Id.*) In one, Z asked A.P. where she was and said "you shouldn't play with my pimping." (*Id.*) From discussions with A.P., texts she provided, emails and social media posts on her phone, and hotel records, law enforcement identified Z as Defendant Zaccheus Obie. (*Id.* at 13.) Law enforcement ran a background check and learned Defendant Obie was a registered sex offender on parole in Georgia for pimping a minor. (*Id.*) With A.P.'s help they also determined Defendant Obie used an Instagram account with the name "pz_kinte" and a phone with the number 404-539-6256. (*Id.* at 13–14.)

On July 29, 2017, a different girl's mother called police to report that her daughter (a juvenile) had run away and might be with a man

she knew as PD who used the Instagram account "pz_kinte." (*Id.* at 13.) The mother gave police a license plate of the vehicle in which she thought her daughter (identified as G.W.) might be riding. (*Id.*) That vehicle was registered to N.M. (*Id.*)

A couple of days later, police went to N.M.'s residence. (*Id.*) They saw Defendant Obie sitting in a car in the driveway as a woman got out of the car and went into the house. (*Id.*) As they approached Defendant Obie, officers found the missing young girl (G.W.) hiding under a blanket in the back seat of the car. (*Id.* at 13–14.) Police arrested Defendant Obie for a parole violation (contact with a minor) and seized his phone, which had the number 404-539-6256. (*Id.* at 14.) In a later interview, Defendant Obie said he did not know G.W. and did not realize she was in the car as he sat in the front seat. (*Id.*)

G.W. admitted to police that she had been prostituting herself, finding customers through a website known to be used by prostitutes to advertise for sex and by human traffickers to recruit women into prostitution. (*Id.*) She refused to implicate Defendant Obie. (*Id.*) Police obtained a state search warrant for her phone because they feared she was the victim of a sex-trafficking scheme. (*Id.*) On it, they found a

contact for PD with the number 404-539-6256, the phone found on Plaintiff and previously identified by A.P. (*Id.*) Police also found text messages between G.W. and PD discussing whether the girl would get to keep money she earned from "plays" (a term referring to commercial sex customers) when she turned 18. (*Id.* at 14–15.)

Based on this (and other) information, Special Agent Stuart Reagan obtained a search warrant for the cellular telephone taken from Defendant Obie at the time of his arrest. The United States later charged him with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c), and two substantive counts of sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1). (Dkt. 56.)

The Magistrate Judge recommended denial of Defendant Obie's motion to suppress the search of his phone for two reasons. First, he concluded the issuing magistrate judge had a substantial basis for finding probable cause existed to believe evidence of a crime (specifically a violation of 18 U.S.C. § 1591) would be found on Defendant Obie's cell phone. (Dkt. 111 at 12.) Second, he concluded the warrant adequately described the place (or item) to be searched and the things to be seized and that, even if it did not, the government is entitled to the good-faith

4

exception to the exclusionary rule under *United States v. Leon,* 468 U.S. 897, 925 (1984). (Dkt. 111 at 18–21.) The Magistrate Judge recommended denial of his motion to dismiss because (1) the superseding indictment properly tracked the statutory language (including alleging Defendant Obie's conduct affected interstate commerce), (2) Defendant Obie's void-for-vagueness argument was premature and must be asserted at trial, and (3) the Eleventh Circuit has already upheld the provision of the criminal statute allowing the United States to prove a defendant's *mens rea* requirement about the victim's age by showing the defendant had a "reasonable opportunity" to observe the victim. (*Id*. at 25, 29, 30.) He also denied Defendant Obie's motion for a bill of particulars, finding the United States had presented the required information and more. (*Id*. at 35.)

As explained above, Defendant Obie objected to the Magistrate Judge's recommendation to deny his motions to suppress and dismiss, but not the motion for a bill of particulars. (Dkt. 113.)

## II. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a

5

magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The district judge should "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). For those findings and recommendations to which a party has not asserted objections, the court must conduct a plain error review of the record. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties objecting to a magistrate's report and recommendation must specifically identify those findings to which they object. *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* The Court has conducted a de novo review of Defendant Obie's motion to

suppress and motion to dismiss and a plain error review of his other motion.[1]

### A. Sufficiency of the Search Warrant Affidavit

Defendant Obie claims the search warrant affidavit lacked probable cause to support the issuance of the warrant to search his cellular telephone. The Court overrules this objection.

The Fourth Amendment mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. The magistrate reviewing a warrant must make a practical, common-sense decision whether, given all the circumstances set forth in the probable cause affidavit, there is a fair probability that law enforcement will find evidence of a crime in a particular place. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *see also United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). The affidavit should establish a connection between the defendant and the place law enforcement wants to search and a link between that place and any

---

[1] Federal Rule of Criminal Procedure 59(a) also requires the Court to review a magistrate judge's disposition of non-dispositive matters (like a motion for bill of particulars) to determine if it is contrary to law or clearly erroneous.

7

criminal activity. *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis' for concluding that probable cause existed . . . ." *Gates,* 462 U.S. at 250.

Courts must give "great deference" to a magistrate judge's decision and uphold a magistrate's findings even in marginal or doubtful cases. *See United States v. Nixon*, 918 F.2d 895, 900 (11th Cir. 1990). "Deference to the magistrate, however, is not boundless." *Leon*, 468 U.S. at 914. "[R]eviewing courts will not defer to a warrant based on an affidavit that does not provide the magistrate with a substantial basis for determining the existence of probable cause." *Id*. at 915 (internal quotation marks omitted).

Defendant Obie claims the affidavit was insufficient because it "merely" contained evidence of his illegal prostitution activities with A.P. who was not a minor at the time. He claims this evidence could not provide probable cause to believe his phone would contain evidence of illegal sex trafficking of a child (the crime cited in the warrant and its application). (Dkt. 113 at 3.) Having reviewed Special Agent Reagan's affidavit, the Court rejects Defendant Obie's argument and agrees with

the Magistrate Judge's conclusion that the affidavit established probable cause to conclude law enforcement would find evidence of a crime on Defendant Obie's cellular telephone.

Special Agent Reagan connecting Defendant Obie to the phone, connected him to prostitution, connected him to an underage prostitute, and established that he likely used the phone to advance sex trafficking. He averred that the phone was found on Defendant Obie when he was arrested and that a runaway juvenile (G.W.) was hiding in the car at the time. He explained that G.W.'s mother had reported to police that her daughter left with a man known as PD and said he used the Instagram account "pz_kinte." The mother also said her daughter claimed to be working in strip clubs to make money but PD would not let her keep it. While G.W. refused to implicate Defendant Obie, she did admit to having commercial sex encounters and to advertising on a prostitution/sex-trafficking related website.

She called Defendant Obie "Z." Special Agent Reagan explained that G.W.'s phone contained text messages between her and PD in which she asked PD whether she could keep money she received from performing sexual encounters when she turned 18. He also explained

9

how they identified PD as Defendant Obie from information on G.W.'s phone and his cellular phone number.

Special Agent Reagan also set out the information he obtained from A.P., including information that allowed police to identify Defendant Obie as her pimp who went by the initials PD and Z, the user of the "pz_kinte" Instagram account, and the user of the phone found on him. This included texts between Defendant Obie and A.P. corroborating A.P.'s claim that Defendant Obie was her pimp. Special Agent Reagan explained the text in which Defendant Obie (using the name Z) warned A.P. not to "play with [his] pimping." While A.P. was not, in fact, a minor, the information about her involvement with Defendant Obie provided plenty of probable cause for law enforcement to believe he was trafficking women for sex.

Finally, he explained that Defendant Obie was recently released on parole from a previous conviction for pimping a minor and violated the terms of his parole by being with G.W. The information Special Agent Reagan included in his affidavit provided probable cause to believe Defendant Obie was involved in the sex trafficking of both A.P. and of a

minor (G.W.) and that the phone seized from him during his arrest likely contained evidence of sex trafficking.

## B. Whether the Exclusionary Rule Applies

Defendant claims that the warrant was "replete with errors" in that it lacked specificity, was overly broad, and failed to specify the evidence that could be seized because it did not expressly address cloud-based information. (Dkt. 113 at 3–4.) Having reviewed the warrant the Court adopts the Magistrate Judge's conclusion that it is not overly broad. It did not authorize a general search of all records but authorized the more limited seizure of records related to the offense of sex trafficking. The interpretation arises — not just from the terms of Attachment A as the Magistrate Judge noted — but also from the context of the reference to Attachment A on the face of the warrant.

The Fourth Amendment states that search warrants must "particularly describ(e) the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. This particularity requirement is intended to prevent "general, exploratory rummaging in a person's belongings." *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). "A description is sufficiently particular when it enables the

11

searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Wuagneux,* 683 F.2d 1343, 1349 (11th Cir. 1982). An officer executing the search warrant at issue here would understand that it only permitted the seizure of information on the phone related to sex trafficking and the investigation of Defendant Obie's involvement in that crime, particularly given the examples in Attachment A linking the types of data to be seized to the crime of human trafficking and, more specifically, sex trafficking.

And even if the warrant were overly broad, the Court agrees with the Magistrate Judge's conclusion that the United States would be entitled to the good-faith exception to the exclusionary rule. The exclusionary rule is a judicially created remedy to deter future Fourth Amendment violations. *See Leon,* 468 U.S. at 916–17. The government, however, is not barred from using evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral magistrate, even if the search warrant is ultimately found invalid. *Id.* at 923. The Supreme Court held that, given the goal of deterring misconduct, a court should not apply the exclusionary rule unless the application and warrant were so defective or deficient that no reasonably well-trained

officer would have relied on them. *Id.* Put differently, the exclusionary rule does not apply when an officer, acting with objective good faith, obtains a search warrant from a neutral magistrate judge and acts within the scope of the warrant. *See id.* at 920–21. This good-faith exception does not apply in four instances, specifically when: (1) the judicial officer issues the warrant on a deliberately or recklessly false affidavit; (2) the judicial officer abandons his judicial role; (3) the warrant so lacks any indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient that an officer could not reasonably presume it valid. *Id.* at 923.

Defendant Obie claims the warrant here was so facially deficient that no officer could reasonable presume its validity. This Court agrees with the Magistrate Judge's rejection of that argument. Even if the warrant did not satisfy the Fourth Amendment's particularity requirement, a reasonable officer would read the description of property to be seized as limited to evidence of sex trafficking. No officer would think he or she was executing an unconstitutionally general warrant. Any defects in the description of the property to be seized are not so facially obvious that an officer could not reasonably presume it to be

valid. This is all the more true because an Assistant United States Attorney and federal Magistrate Judge reviewed the warrant and thought it valid. The Court finds that — even if the warrant was overly broad — it was not so facially invalid to preclude application of the good-faith exception to the exclusionary rule.

### C. Denial of Motion to Dismiss

Defendant Obie claims the Magistrate Judge erred in finding the indictment alleges a sufficient nexus to interstate commerce to satisfy the commerce claims. He claims that, while the indictment alleges Defendant Obie "utilized hotels involved in interstate commerce" to cause the victims to engage in commercial sex acts, "there is insufficient evidence that [Defendant] Obie paid for such items or caused others to pay money to the establishments on his behalf." (Dkt. 113 at 5.) The Court rejects this argument. First, "[i]t is well established in this Circuit that an indictment is sufficient if it tracks the language of the statute and provides a statement of facts that gives notice of the offense to the accused." *United States v. McNair*, 605 F.3d 1152, 1186 (11th Cir. 2010). On a motion to dismiss, the Court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crime.

The Court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (alteration in original) (intern quotation marks omitted). Second, the United States has alleged Defendant Obie utilized hotels in and affecting interstate commerce. A grand jury found probable cause to believe this was true. On its face, this allegation tracks the language of the statute, including the necessary nexus to interstate commerce. The Court cannot weigh the evidence before trial. It may be the United States seeks to prove the payment of money at these hotels to establish the requisite connection with interstate commerce. Or the United States may seek to establish this connection in some other way related to Defendant Obie's alleged use of hotels. That remains to be seen at trial. The Magistrate Judge properly rejected Defendant Obie's motion to dismiss.

**D.   Denial of Motion for Bill of Particulars**

Having also reviewed the Magistrate Judge's denial of Defendant Obie's motion for a bill of particulars, the Court finds that it is not contrary to law or clearly erroneous. The Court thus affirms the denial of this motion.

## III. Conclusion

The Court **OVERRULES** Defendant Obie's Objections (Dkt. 113) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. 111). The Court **DENIES** Defendant Obie's Motion to Suppress Search and Seizure of information from his cellular telephone (Dkts. 94; 103) and Motion to Dismiss Indictment (Dkt. 98). The Court **AFFIRMS** the Magistrate Judge's denial of Defendant Obie's Motion for Bill of Particulars (Dkt. 99).

**SO ORDERED** this 17th day of December, 2019.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE